# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

No. 21-1403

AMADU MOHAMED KOROMA,

          Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 24, 2022          Decided:  February 28, 2022

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Buxton Reed Bailey, BUXTON R. BAILEY, P.C., Raleigh, North Carolina, for Petitioner.  Brian Boynton, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Jonathan Robbins, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amadu Mohamed Koroma, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals dismissing Koroma's appeal from the immigration judge's decision pretermitting his application for cancellation of removal and ordering Koroma removed to Sierra Leone. We deny the petition for review.

We review the agency's resolution of legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Salgado-Sosa v. Sessions*, 882 F.3d 451, 456 (4th Cir. 2018) (recognizing the highly deferential standard of review employed for administrative fact findings).

Upon review of the arguments advanced by Koroma in conjunction with the administrative record and the relevant authorities, we discern no error in the Board's affirmance of the immigration judge's ruling. We note that Koroma has not—either in the underlying administrative appeal or in this court—challenged the immigration judge's dispositive conclusion that Koroma's 1999 Minnesota conviction for fifth degree assault (domestic) qualified as a crime of domestic violence, which rendered Koroma statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C) (a conviction for a crime of domestic violence, as set forth in 8 U.S.C. § 1227(a)(2)(E)(i), is a ground for mandatory denial of an application for cancellation of removal).

Of the issues Koroma raises in this court, only one merits brief mention. Specifically, Koroma insists that the immigration judge was obligated to independently and sua sponte consider his eligibility for a waiver of the domestic violence conviction, as provided for in 8 U.S.C. §§ 1227(a)(7)(A), 1229b(b)(5). We agree with the Board that there is no statutory or regulatory support for this position and, thus, that the immigration judge did not err in failing to sua sponte consider the potential applicability of a § 1227(a)(7)(A) waiver prior to pretermitting Koroma's application for cancellation of removal. *See generally Pereida v. Wilkinson*, 141 S. Ct. 754, 760 (2021) (applicant seeking relief from removal bears the burden of establishing eligibility for discretionary relief, "including that he has not been convicted of certain disqualifying offenses" (internal quotation marks omitted)).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*